IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| CYNTHIA ANNE HELMEY, ) | |
| ) | No. 9:12-cv-00631-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SARA ELAINE DERRICO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on three motions in limine brought by defendant USAA Casualty Insurance Company ("USAA"). For the reasons stated below, the court grants the first two motions in limine and grants in part and denies in part the third motion in limine.

## I.  BACKGROUND

      Plaintiff Cynthia Helmey filed this complaint against defendant Sara Derrico on March 2, 2012. Briefly, Helmey alleges that Derrico acted negligently when, on January 31, 2011, Derrico pulled her car out into traffic on Highway 278 and struck Helmey's car. On March 26, 2012, Derrico filed an amended answer and counterclaim in which she alleged that Helmey was the one who acted negligently. On February 13, 2013, the parties notified the court that they had settled Derrico's counterclaim, and entered a stipulation of dismissal, with prejudice, for the counterclaim.

      On January 18, 2013, USAA Casualty Insurance Company ("USAA") entered a limited appearance as a defendant because of its role as Derrico's insurance carrier.

      No dispositive motions have been filed in this case.

1

On May 3, 2013, USAA filed the present motions in limine. The matter has been fully briefed and is ripe for the court's review.

## II.   MOTIONS IN LIMINE

USAA's motions in limine seek to exclude three types of testimony: (1) testimony regarding liability insurance, underinsured motorist benefits, or introducing USAA as a defendant to the jury; (2) testimony regarding any prior car accidents that Derrico has had; and (3) testimony regarding any party's prior traffic citations or convictions for traffic violations. Helmey consents to USAA's first and second motions in limine, and objects in part to the third motion.

Because the parties agree to exclude any testimony regarding Helmey's or Derrico's insurance status as well as testimony regarding Derrico's prior car accidents, the court grants USAA's first two motions in limine. As the parties dispute portions of the third motion in limine, the court now discusses that motion in more detail.

USAA seeks to exclude any evidence of traffic citations that either Helmey or Derrico received as a result of their car accident. USAA argues that this evidence is irrelevant under Rule 401 of the Federal Rules of Evidence and is unduly prejudicial under Rule 403. USAA also argues that South Carolina law[1] prohibits introduction of evidence of conviction of any person for a traffic violation in any civil action.

Helmey does not object to the third motion in limine to the extent that it would bar the parties from entering traffic citation evidence. However, Helmey does object to this motion to the extent that it would exclude any evidence of prior traffic convictions.

---

[1] This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1448 (2010) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)).

S.C. Code § 56-5-6160 states that "No evidence of conviction of any person for any violation of [the Uniform Act Regulating Traffic on Highways] shall be admissible in any court in any civil action." However, the South Carolina Supreme Court has found that "the literal language of § 56-5-6160 does not bar the use of this evidence to impeach the credibility of a witness, whether or not such witness is a party to the action." Addyman v. Specialties of Greenville, Inc., 257 S.E. 2d 149, 151 (S.C. 1979).

While evidence of a party's prior traffic convictions is generally not admissible, the exception described in Addyman is enough to merit denial in part of USAA's motion.

### IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** USAA's motion to exclude testimony regarding liability insurance or under-insured motorist benefits, as well as testimony that introduces USAA as a defendant in this case; **GRANTS** USAA's motion to exclude testimony regarding defendant Sara Derrico's prior car accidents; and **GRANTS IN PART AND DENIES IN PART** USAA's motion to exclude testimony regarding any party's traffic citations or convictions.

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 11, 2013**
**Charleston, South Carolina**